### UNITED STATES v. PORAZZO BROS.

(District Court, E. D. New York. March 8, 1921.)

1. **Contempt** ⬯20—**Not punishable where respondent offers compliance with any order of court.**
   A person is not punishable for contempt for failure to obey an order of a United States commissioner, where he offers to comply with any order of the court.

2. **Intoxicating liquors** ⬯249—**Illegally seized will not be impounded.**
   The government is not entitled to the impounding of liquors seized under a search warrant afterward vacated as unlawfully issued.

3. **Criminal law** ⬯395—**Records illegally obtained will not be impounded as evidence.**
   Books and papers illegally seized on a search warrant will not be impounded for use as evidence.

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Porazzo Bros. On motions to punish for contempt and to impound liquors and books and papers. Motions denied.

Leroy W. Ross, of Brooklyn, N. Y. (Robert N. Gilmore, U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Thomas O'Rourke Gallagher, of New York City, for defendant.

George E. Golding, pro se.

GARVIN, District Judge. Three motions have been argued and submitted together, namely, a motion to punish George E. Golding for contempt of court, an application by the government for an order impounding certain liquors, to wit, 369 barrels of wine and 14 barrels of alcohol, and an application by the government for an order impounding 56 government withdrawal permits and books known as 52A and 52B, etc.

The motion to punish for contempt is based upon an affidavit showing that Hon. Henry D. Barmore, one of the United States commissioners of this court, made an order, dated December 21, 1920, directing William Fleming and George E. Golding, or other person or persons in whose possession or custody the same may be, to deliver and return forthwith to Porazzo Bros. or their attorney 56 withdrawal permits, the books known as 52A and 52B, contracts with distilleries, private correspondence, one notary seal, and all other papers, books, permits, correspondence, and property seized during the execution of a search warrant on November 18, 1920, being the same papers involved in the third motion. This search warrant called for the seizure of 369 barrels of wine and 14 barrels of alcohol, the property with which the second motion is concerned.

[1] It has been held that this court may punish for a refusal to comply with an order duly made by a United States commissioner. United States v. Tom Wah (D. C.) 160 Fed. 207. The motion to punish must therefore be granted, if the respondents' attitude is that of persistently refusing to obey a lawful mandate of the court; but that is not the case, for they announced in open court, on the return of the motion to punish, that they were ready and anxious to comply with any direction of the court.

[2] The motion of the government to impound the liquors in question must be denied. They were seized under a search warrant, which was later vacated by the commissioner by whom it was issued, and who thereupon ordered the articles returned to Porazzo Bros. & Co. The seizure was therefore illegal, and prompt reparation for the wrong done thereby must be made.

[3] The motion of the government to impound the books and papers must also be denied. While an examination of their contents may not have been improper, their seizure was wholly without justification and they cannot be retained. Authority for these conclusions is found in the recent case of United States v. Kraus et al. (S. D. N. Y., decided February 1, 1921) 270 Fed. 578.

The motions to impound are therefore denied. The respondents in the motion to punish for contempt will return forthwith all the property involved, including the books and papers.