### UNITED STATES v. O'DOWD.

#### (District Court, N. D. Ohio, E. D.   June 7, 1921.)

#### No. 6413.

1. **Searches and seizures ⬤⟲5—Application for return of evidence illegally seized must be made within reasonable time.**

     Defendant in a criminal case is entitled to return of evidence procured by an illegal search and seizure only on application filed within a reasonable time after the seizure.

2. **Searches and seizures ⬤⟲5—Trial will not be stopped to hear motion for return of evidence illegally obtained.**

     The court will not delay a criminal trial to inquire whether evidence, otherwise competent, was unlawfully obtained.

3. **Criminal law ⬤⟲395—Searches and seizures ⬤⟲7—Evidence seized by state officers without warrant not inadmissible in federal court.**

     The provision of Const. Amend. 4, prohibiting unreasonable searches and seizures, is limited to federal agencies, and the fact that whisky in the unlawful possession of a defendant, and to which he could have no lawful title, was seized on a search by state officers without a warrant, does not render it inadmissible in evidence on his trial in a federal court for having it unlawfully in his possession.

Criminal prosecution by the United States against Edward O'Dowd. On motion by defendant for new trial.   Denied.

H. L. Eastman, Asst. U. S. Atty., of Cleveland, Ohio.

W. J. Hawley, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge.   Defendant was by information charged with having unlawfully in his possession 114 quarts of Old Tucker whisky.   Upon trial to a jury he was found guilty, and now moves for a new trial..   The only error urged in support of this motion is the admission in evidence of some bottles of this whisky and of the circumstances under which it was obtained, which, it is asserted, were seized and removed from defendant's private dwelling without a lawful search warrant.

The whisky in question was found in a one-story frame building used exclusively for lodging or dwelling purposes.   The defendant was the lessee of the premises.   It will be assumed that it was his dwelling, although he was unmarried, and his brother and father lived there with him.   Two police officers of the city of Cleveland, acting without a search warrant and without any direction from any federal officer, entered these premises and found this whisky.   At the time of such entry the defendant was absent, and the officers were admitted and permitted to make the search by his brother.   The whisky bore

labels showing that it had been bottled in bond for medicinal purposes, and when found was wrapped in Pittsburgh newspapers of a date only two or three days prior thereto. Upon finding the whisky, the police officers telephoned the federal prohibition agent and requested him to come and examine it. The latter, upon so doing, informed the officers that, under the National Prohibition Enforcement Act and the regulations with respect to the withdrawal and sale of whisky for medicinal purposes, it could not have been lawfully acquired or possessed by the owners, and thereupon the officers, without any instructions from the prohibition agent, and without other warrant or authority, seized the whisky, took it to the police station, and at some later date surrendered it to the federal authorities.

This seizure was made August 3, 1920. The criminal information against the defendant was filed February 3, 1921. A petition was filed herein by him March 23, 1921, requesting its redelivery on the ground that the seizure had been made without a search warrant and in violation of the Fourth and Fifth Amendments to the Constitution of the United States. The court, when the petition was thus presented, declined to consider it, and ordered the trial to proceed, announcing that the question would be reviewed upon objections to the admissibility of evidence. A trial was had the same day, with the result above stated.

[1, 2] The motion for a new trial will be overruled. I am of opinion that, under all the circumstances, no error was committed in admitting this evidence. The application for redelivery was not made within a reasonable time after the alleged illegal seizure. According to Weeks v. U. S., 232 U. S. 384, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, a defendant in a criminal case is entitled to the redelivery of evidence procured by an unreasonable search and seizure only when he makes a timely application; that is, an application within a reasonable time after the alleged seizure. It is also settled law that a court will not delay or halt a trial to inquire whether evidence, otherwise competent, has been unlawfully acquired. Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; Lyman v. U. S. (9 C. C. A.) 241 Fed. 945, 154 C. C. A. 581. Within what time defendant should have made his application, in order to be timely, need not be determined, because, upon any view of the facts, it was made at an unreasonably late day.

[3] This evidence should not have been excluded for another reason. The alleged unlawful search and seizure was not made by or under the direction of any officer of this court or of the United States. It was made by state police officers, acting upon their own initiative. The Fourth Amendment, it is settled law, is a limitation only upon the action of officers of the United States, and not upon the action of private persons or state officials. The object of the amendment was to restrain and prevent arbitrary and despotic action on the part of the national sovereignty, or persons acting under its authority. This is clearly stated in the Weeks and other cases which have followed it. The amendment, while forbidding unreasonable searches and seizures, is silent as to whether evidence thus obtained is or is not admissible. The only explicit restriction upon the admissibility of evidence is con-

tained in the Fifth Amendment, which forbids the compelling of any one to give testimony against himself in a criminal case. It expressly declares the ancient and time-honored doctrine that no defendant in a criminal case can be called as a witness or made to testify against himself. It is out of this doctrine, and under the protection of this and similar constitutional provisions, that has grown the rule that confessions are inadmissible in criminal cases if procured by force or threats. Boyd v. U. S., 116 U. S. 616,[1] and Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, are examples of cases falling within the prohibition of the Fifth Amendment, although the opinion in the Boyd Case is to the effect that the Fourth Amendment likewise is applicable. It was, however, in the Weeks Case that it was first held that documents having only evidential value, procured as the result of an unreasonable search and seizure, although otherwise competent, should be redelivered to the defendant upon a timely application, and may not be used in evidence against him.

The United States Supreme Court have so far not applied this doctrine, except to documents having only evidential value, procured by an unreasonable search and seizure. It has not yet held that a thief is entitled to have returned to him stolen goods found in his possession and seized by an officer without a search warrant. It has not yet held that a burglar, a counterfeiter, or a smuggler, has a similar right to the return of the implements and tools of his trade and crime, merely because possession of them was obtained as the result of an unreasonable search and seizure. The property seized in this case is like unto stolen property. No title to it or property in it can exist in the defendant. Section 25, title 2, National Prohibition Enforcement Act (41 Stat. 315), explicitly declares that no property rights shall exist in such liquor. The only exception in the law pertains to liquor which was lawfully acquired and is not being illegally used.

It results from these observations that it would be an unsound policy and unwarranted extension of the doctrine of the Weeks Case to order the surrender either of stolen goods or contraband whisky to a known thief or a proved bootlegger, merely because that property had been taken from his possession by a private individual or by a state official without a search warrant. So far the United States Supreme Court has ordered the return only of documents having merely an evidential value thus procured. It has also declared that the object and purpose of the Fourth Amendment is limited to federal agencies, and was designed to prevent autocratic and despotic action under color of national authority. The object and purpose thus declared does not require the extension of the rule to the acts of state officials or private persons.

That these views are sound, and that evidence is not inadmissible because seized by state officers without a search warrant, is evidenced by the Weeks Case. In that case the documents seized by state police officers were not ordered to be redelivered, and it was held not to be error to admit them in evidence. The same holding was explicitly made in Youngblood v. U. S. (8 C. C. A.) 266 Fed. 795. This is in accord with the ancient and undisputed rule that confessions wrongfully ob-

[1] 6 Sup. Ct. 524, 29 L. Ed. 746.

tained by private individuals, or evidence the possession of which has been procured by the fraud or trickery of public officials, will not, if otherwise competent, be rejected because of the methods whereby it was thus acquired. That this rule remains unmodified, has been declared by the United States Supreme Court in Burdeau v. McDowell, 255 U. S. ——, 41 Sup. Ct. 574, 65 L. Ed. ——, decided June 1, 1921. See, also, for an exhaustive discussion of this subject, to which nothing can be added, note 136 Am. St. Rep. 135–161.

The motion for a new trial is overruled. An exception may be noted.