## UNITED STATES v. TWENTY-SIX CASES OF INTOXICATING LIQUORS.

(District Court, D. Massachusetts. March 14, 1923.)

No. 2266.

Intoxicating liquors ⬅️255—United States cannot take liquor away from state for forfeiture.

Where intoxicating liquors were illegally unladen from a vessel, and were transferred into a motorboat, and an officer of the state seized the liquors under a search warrant, and the United States then filed an information for forfeiture, and while it was pending forfeiture proceedings were heard in the state court, and the liquors were forfeited to the state,

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

the United States cannot take the liquors away from the state to enforce their information, and it must be dismissed.

Information by the United States for the forfeiture of 26 cases of intoxicating liquors.   Information dismissed.

The United States Attorney.

Lewis Goldberg, Asst. Atty. Gen., for the Commonwealth of Massachusetts.

MORTON, District Judge.   This is an information for the forfeiture of certain intoxicating liquors.   The commonwealth of Massachusetts has filed a special appearance and claim; the present proceeding is in substance between the United States and the commonwealth. The case is submitted on an agreed statement of facts.

The liquors in question were illegally unladen from a vessel within four leagues of the coast of this district, and were there transferred into a motorboat for the purpose of bringing them into the town of Manchester, Mass.   Sullivan, chief of police of that town, acting under a search warrant issued by a state court, seized the liquors in the motorboat at a place within the territorial jurisdiction of the state.

After this seizure the present information was filed by the United States.   While it was pending forfeiture proceedings based on the search warrant were heard in the state court, which held that the liquors were being kept in the motorboat for sale, contrary to the law of the commonwealth, and rendered judgment that they be forfeited to the commonwealth.   A restraining order was issued at the instance of the United States, preventing Sullivan from delivering the liquors pending a final decision in the present proceedings.   The commonwealth claims the liquors as having been forfeited to it by the seizure and the judgment of its court.

The present question is whether the right of the United States is of such underlying and paramount character as to warrant taking the liquors away from the state in order to enforce it.   That they were forfeitable to the United States immediately upon the illegal unlading is clear.   The government's contention goes further, and is in effect that the liquors at that time became actually forfeited to it; that it was thenceforward the owner of them; that it has the right to adopt the possession of Sullivan as its possession; and that its ownership, thus reduced to possession, could not be divested by subsequent proceedings by the state officers and in the state court.

It was held under a particular statute in the case of goods imported contrary to law that the forfeiture, when decreed, related back to the time of the offense and cut under all intervening rights in the goods, even rights acquired in good faith and for value.   U. S. v. 1,960 Bags of Coffee, 8 Cranch, 398, 3 L. Ed. 602.   See, too, Goldsmith-Grant Co. v. U. S., 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376.   It is settled, also, that the right of the United States in dutiable goods before their entry at a custom house is paramount to the right of an officer attaching them on a state court writ in a suit between private parties.   Harris v. Dennie, 3 Pet. 292, 7 L. Ed. 683. It is contended by the government that this last decision is in effect

conclusive of the present question, and that, as the right of the attaching officer rests on the state court writ and the authority of the state, if that authority must yield in civil proceedings to the paramount right of the United States, it must equally yield when the state is seeking to enforce its own rights against such goods. But see U. S. v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555.

In Harris v. Dennie, however, the goods were in the custody of the customs officers of the United States at the time when the attachment was made, and the exact point decided was that their custody could not be interfered with by the state officer. In Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028, it was held that a vessel attached by a state officer could not be arrested by the United States marshal on a libel in rem for mariner's wages. That decision lays down in strong terms the basic rule that:

"Where there are several authorities equally competent to bind the goods of a party, when executed by the proper officer, * * * they [the goods] shall be considered as effectually and for all purposes bound by the authority which first actually attaches upon them." 20 How. 594, 15 L. Ed. 1028, quoting Lord Ellenborough.

In Peck v. Jenness, 7 How. 612, 12 L. Ed. 841, it was said that:

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and * * * where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. * * * Neither can one [court] take property from the custody of the other by replevin or any other process, for this would produce a conflict extremely embarrassing to the administration of justice."

In Moran v. Sturges, 154 U. S. 256, at page 274, 14 Sup. Ct. 1019, at page 1024 (38 L. Ed. 981), it is said that:

"It is a rule of general application that, where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court. This doctrine has been repeatedly affirmed by this court."

On similar principles, where an individual has violated the criminal law of both jurisdictions, he remains in the custody of that which first takes him, until it has exhausted its punishment. Ponzi v. Fessenden et al., 258 U. S. 254, 42 Sup. Ct. 309, 66 L. Ed. 607. These principles seem to me decisive to the case at bar, and to require an order dismissing the present information.

Upon another ground, also, the right of the commonwealth to the liquors seems clearly superior. The present proceeding is in rem. Possession of the res by the United States, or by some person for it, is essential to jurisdiction. "But it follows that, to give jurisdiction in rem, there must have been a valid seizure and an actual control of the ship by the marshal of the court." Taylor v. Carryl, 20 How. at page 599 (15 L. Ed. 1028). It is true that a person not a federal officer can seize property on account of the United States and hold it for forfeiture proceedings. Here, however, the seizure was made by an officer of a different jurisdiction for the purpose of forfeiture to the state under state law. Such seizure was not on account of the United States, it was inconsistent with possession by the United States,

and it cannot be adopted by the United States as having been made on its account. The facts show that it was not so made.

An order may be entered dismissing the information for lack of jurisdiction, and the question will be certified, if requested, to the Supreme Court.