## UNITED STATES v. JENSEN et al.

(District Court, E. D. New York. July 10, 1923.)

**Intoxicating liquors ⬅️255—Applicant for return of liquor unlawfully seized must show that his possession was lawful.**

Under National Prohibition Act, tit. 2, § 33, making possession of liquor by one not legally permitted to possess liquor under that title prima facie unlawful, an applicant for an order directing return of liquor unlawfully seized is required to show that it was lawfully possessed or acquired.

Criminal prosecution by the United States against Martin Jensen and others. On motion by defendant William J. Shannon for an order directing return of liquor. Denied.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Abraham H. Kesselman, of Brooklyn, N. Y. (Alexander S. Drescher, of Brooklyn, N. Y., of counsel), for defendants.

GARVIN, District Judge. This is a motion for an order directing the Federal Prohibition Director to turn over 1,500 bottles of Sherwood rye whisky to the defendant Shannon, who with four others was arrested and was later discharged after a hearing before one of the United States commissioners. The commissioner has made an order directing the return of this property. It does not appear to be questioned that the seizure was unlawful. The moving papers set forth that the defendant Shannon was in possession of this whisky, and that after the commissioner made an order directing its return the Federal Prohibition Director declined to take action, except upon an order of this court. The government opposes the return sought, upon the ground that the moving papers fail to allege any facts showing how, in what manner, when, and by what means the petitioner, Shannon, originally acquired possession of the whisky involved, and relies upon the presumption contained in title 2, section 33, of the National Prohibition Law (41 Stat. 317) that the possession of the liquor was unlawful.

Section 33 reads as follows:

"After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title."

The same section also provides:

"* * * The burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

The government contends that the petitioner is required to show the circumstances from which it may be held that he lawfully acquired,

possessed, and used this liquor. The case of Chicco v. U. S. (C. C. A.) 284 Fed. 434, sustained a refusal of the court below to order the return of property, where the petition failed to contain an allegation that petitioner had any ground for the return of the property which the court was asked to return. From all that appears in the moving papers in the pending application, the petitioner may have been merely a temporary bailee, without any legal right whatever to possession, or, indeed, may have been a thief holding stolen property.

The precise point involved is not determined by the case of United States v. O'Dowd (D. C.) 273 Fed. 600, but it may be inferred from the reference therein to the declaration, contained in section 25, title 2, of the National Prohibition Law, to the effect that no property rights shall exist in liquor intended for use in violating that title, that the court is not warranted in making an order to return liquor, except upon proof that the applicant for the order was in lawful possession of the liquor when it was seized.

In the case of Rose v. United States (C. C. A.) 274 Fed. 245, the court had occasion to consider the competency of evidence received. There a defendant testified that he had liquor in his home under what he considered lawful circumstances. The court held that mere possession raised a presumption that that possession was unlawful. United States v. Masters (D. C.) 267 Fed. 581, held that the return of liquor unlawfully seized must be refused when the claimant fails to set forth facts showing a legal possession at the time of such seizure. This case recognizes the presumption contained in section 33, supra.

Two cases are advanced with confidence by the petitioner: United States v. Descy (D. C.) 284 Fed. 724, and Giles v. United States (C. C. A.) 284 Fed. 208. In the Descy Case, the petitioner alleged that the officers of the government, "unlawfully and without warrant of authority so to do, entered the defendant's said home, to wit, private dwelling, and seized certain liquors which were lawfully possessed and used by defendant." There is no allegation of "lawful possession" in the moving papers now before the court. In the Giles Case, I have secured a copy of the record, and I find that the affidavit upon which the return of the property was demanded contains no allegation that the liquor was lawfully acquired or possessed. The opinion, it is true, held that a denial of the motion for a return of liquor seized was error; but there is nothing to indicate that the point now raised was submitted to the court for determination, and that case cannot, therefore, be regarded as controlling authority.

Petitioner also relies upon Murphy v. United States (C. C. A.) 285 Fed. 801. That case deals with and approves of defendant's contention that property acquired by the government as a result of an unlawful search cannot be used against defendant in a criminal prosecution. It would be controlling, if the government should prosecute this petitioner at some future time and seek to offer the liquor in evidence against him. It is no authority for the return of liquor to one who does not allege a lawful possession at the time of seizure.

It has frequently been determined that as a general rule mere possession gives a right against any one who unlawfully disturbs the same.

Of cases recognizing this rule Tapscott v. Cobbs, 11 Grat. (Va.) 172, and Anderson v. Gouldberg, 51 Minn. 294, 53 N. W. 636, are typical. Neither had to deal with facts similar to the case at bar, where a statute has raised a presumption that possession is illegal. It is, of course, quite impossible to harmonize the decisions. It is urged by the government that the commissioner's order, directing the return of the liquor, is not binding upon this court—citing United States v. Maresca (D. C.) 266 Fed. 713. That case was not followed in United States v. Casino (D. C.) 286 Fed. 976 (under the authority of Todd v. U. S., 158 U. S. 278, 15 Sup. Ct. 889, 39 L. Ed. 982), where the court ordered a return when there was a mere allegation of ownership. Decisions of the United States District Court for the Eastern District of Massachusetts, which have come to my attention—U. S. v. Sievers, 292 Fed. 394; U. S. v. 26 Cases of Intoxicating Liquors, 287 Fed. 540; Keefe v. Clark (D. C.) 287 Fed. 372; U. S. v. Vigneaux, 288 Fed. 977; U. S. v. A Quantity of Intoxicating Liquors, 289 Fed. 278—indicate that in that district the court will order a return under the facts of the case at bar. A reported decision in Godat v. McCarthy et al. (D. C.) 283 Fed. 689, is to the same effect. The holding in United States v. Kaplan (D. C. S. D. Ga.), 286 Fed. 963, is, however, directly contra.

Three cases, decided in this district, have been cited by petitioner, and may justify comment. United States v. Porazzo, 272 Fed. 276, decided March 8, 1921, ordered the return of whisky, but the question now to be determined does not seem to have been presented. United States v. Speranzino (no written opinion filed), decided February 26, 1921, merely decided that, when the government once consents to the entry of an order, it cannot later have such order vacated and set aside, even though the order in question has directed the return of property to one not entitled thereto. United States v. Quaritius (D. C.) 267 Fed. 227, decided that under the circumstances there disclosed the government had no right to file an information. The case did not determine what must be alleged by an applicant who seeks the return to him of liquor illegally seized.

It is earnestly to be hoped that this decision will be reviewed and the law settled, at least so far as this circuit is concerned. Inasmuch as the various authorities cannot be reconciled, I shall merely state my conclusion that section 33, supra, requires an applicant for an order directing the return of liquor to show that it was lawfully possessed or acquired.

Motion denied.