## EX PARTE WILLIAM TITLEY.

San Juan, Criminal, No. 3242-A.

Opinion filed April 29, 1924.

*Mr. John L. Gay,* United States District Attorney, for the United States.

*Mr. Salvador Mestre* and *Mr. J. A. Loret* for William Titley.

ODLIN, Judge, delivered the following opinion:

William Titley filed in this court on February 18, 1924, a very carefully prepared and elaborate petition for the return to himself of a large quantity of intoxicating liquors specifically described in ¶ 12 of the petition; and as the basis for the petition there are set forth a long series of allegations not necessary to recite in this opinion, which, if true, show that the dwelling house of William Titley was subjected to an illegal search under an unlawful warrant, which search resulted in the seizure by members of the Insular police force of Porto Rico of the liquor described in the petition.

An identical petition has been filed on behalf of William Titley in connection with a proceeding pending in this court, No. 1655 Law, entitled United States of America v. 1490 Bottles and 8 Flasks of Intoxicating Liquor, the same containing more than one half of 1 per centum of alcohol by volume and being fit for beverage purposes. This last-mentioned proceeding is in the nature of a libel for the condemnation and destruction of intoxicating liquors above referred to, and it is admitted that the liquor involved in this libel is the same liquor which was taken from William Titley and which is described in the petitions by him filed.

The district attorney has filed a motion to dismiss these petitions upon the ground that they fail to disclose facts sufficient to justify this court in granting the same.

In passing upon this matter, it is not necessary to discuss many of the very interesting points which have been most ingeniously argued by the counsel for William Titley in the long brief filed by them before this court on the 21st day of the pres-

ent month. But it is to be noted, that, although the petitions are verified and in ¶ 13 it is alleged that the liquors seized were at the time of the seizure and still are the exclusive property of William Titley, there is no allegation that the liquor was lawfully possessed or acquired, which allegation was deemed essential by Mr. District Judge Garvin sitting in the Federal court of Brooklyn on July 10, 1923, in the case of United States v. Jensen, reported in 291 Fed. 668. This was a case where the United States had instituted a criminal prosecution against Martin Jensen et al. One of the defendants named Shannon presented a motion to Judge Garvin for an order directing a return of the liquor which had been unlawfully seized. The motion was denied, in spite of the fact that two decisions strongly relied upon by counsel for William Titley were also urged by counsel for Shannon, which two cases are United States v. Descy, reported in 284 Fed. 724, and the famous case of Giles v. United States, decided by the circuit court of appeals at Boston, reported in 284 Fed. 208. Of course the decisions of the circuit court of appeals at Boston are absolutely controlling upon the judge who writes this opinion. Judge Garvin comments upon the Giles Case, and on page 669 of vol. 291 of the Fed. he states that he secured a copy of the record and that the affidavit upon which the return of the property was demanded contained no allegation that the liquor was lawfully acquired or possessed. Judge Garvin points out that the opinion in the Giles Case was to the effect that the liquor should be returned, but there is nothing to indicate that the point raised as to the lawful possession or acquirement of the liquor was submitted to the court of appeals at Boston for its determination; therefore, the Giles Case cannot be regarded as

controlling authority upon this point. Judge Garvin then goes on and states that counsel for Shannon relies upon the decision of the circuit court of appeals for the seventh circuit in the case of Murphy v. United States, reported in 285 Fed. 801. This Murphy Case deals with the contention of the defendant Shannon, and approves the same, to the effect that property acquired by the government as a result of an unlawful search cannot be used against the defendant in a criminal prosecution. He points out that the Murphy Case is no authority for the return of liquor to one who does not allege a lawful possession at the time of seizure. Judge Garvin then goes on and cites various other decisions, and, while he admits that there are various authorities which cannot be reconciled, he states his own conclusion that § 33 of the National Prohibition Law requires an applicant for an order directing the return of liquor unlawfully seized to show that the same was lawfully possessed or acquired.

I feel that the reasoning of Judge Garvin is so sound that I ought to follow the same until the exact point shall be passed upon by the circuit court of appeals at Boston, or by the United States Supreme Court, which I hope will occur shortly.

Before concluding this opinion, it is in order to say that the question of introduction of this liquor in evidence when William Titley shall be put upon trial is not before me. It is of course true that if the seizure of the liquor took place in the manner stated by Titley, the government will not be allowed to use it as evidence against Titley. And, therefore, the ground of the petition resting upon the fear by Titley that the liquor will be introduced in evidence ceases to have any force. The question as to the admissibility or non-admissibility of the liquor

in evidence is entirely distinct and separate from the question as to whether or not the liquor should be returned. This is clearly shown by the decision of Mr. District Judge Baker sitting in the Federal Court for the Northern District of the State of West Virginia in the case of United States v. Dziadus, reported in 289 Fed. 837, in which he holds that the affidavit upon which the search warrant issued was fatally defective; that the search warrant itself was fatally defective and that it was executed by a person who had no authority to execute it; also that evidence so secured would not be admissible against the defendant, from whom the liquor had been seized. Also the testimony in regard to facts learned and information obtained while conducting a search of the defendant's premises, if the search itself is unlawful, cannot be used against him. But he also distinctly held that the petitioner was not entitled to the return of the liquor. Dziadus had filed a petition asking the court for relief in two forms; first, for the suppression of the liquor as evidence; and second, for the return of the liquor seized. Judge Baker granted the motion with regard to the suppression of the evidence, but denied the return of the liquor.

There is also an interesting decision found in 285 Fed. 871 in the case of Panzich v. United States, decided by the circuit court of appeals for the ninth circuit, the opinion being written by Judge Hunt, who, it will be remembered, served very acceptably years ago as governor of this Island. In this case there was a rehearing, because counsel for Panzich had argued so strenuously that there had been error committed by the District Court which convicted him. The ruling is clearly established in the 9th circuit that in a prosecution for violation

of the National Prohibitory Act the district court may refuse to hear a petition for return of the liquors seized until the facts are developed upon the trial. If this is good law, the present petition is premature. I am not, however, holding that the present petition is premature, simply because it is not necessary so to decide. This opinion is limited strictly to the holding that the petition of William Titley as presented to this court is defective, by reason of there not being any allegation that the liquors which were seized from him and which are described in the petition were lawfully acquired and possessed by him previous to the seizure.

If the counsel for William Titley desire to amend their petition so as to conform to this holding, they will be allowed to do so at any time before May 10, 1924, delivering a copy of their amendment to the United States district attorney. Failing so to amend, the petition will be denied.

To this order and opinion counsel for William Titley except.

Done and ordered in open court at San Juan, Porto Rico, this 29th day of April, 1924.