### UNITED STATES v. BURNS et al.

(District Court, S. D. Florida. March 4, 1925.)

No. 934.

**1. Criminal law ⟨⟩395—Searches and seizures ⟨⟩5—Owner is entitled to return of property seized in illegal search.**

Property seized as the result of an illegal search may not be used in evidence against the owner, but he has the right at any time to have it returned to him.

**2. Intoxicating liquors ⟨⟩255—When liquor under admissible evidence cannot be shown to be contraband, it will be ordered returned.**

Liquor illegally seized from a vessel at sea cannot be used as evidence that it was being illegally transported in the United States; and where without such evidence it cannot be established that the liquor is contraband, it will be ordered returned.

Criminal prosecution by the United States against Robert Burns and others. On petition of defendant Burns for return of liquor seized. Petition granted.

Macfarlane & Pettingill, of Tampa, Fla., for petitioner.

W. M. Gober, U. S. Atty., of Tampa, Fla.

JONES, District Judge. This cause comes on to be heard upon petition of defendant Robert Burns, praying the return to him of certain intoxicating liquor which was in his possession on board the auxiliary schooner C. C. Junior, on the 8th day of November, A. D. 1921, and which liquor was seized by deputy collectors of customs, which said liquor is now being held in the custody of A. G. Watson, as acting collector of customs for the district of Florida, at Tampa, Fla.

The grounds for the petition are that the customs officers were without authority to board and search this vessel, and therefore the seizure of the liquor was illegal. The petition is contested by the government upon the grounds: First, that there is now pending in this court a criminal indictment against the petitioner, Robert Burns (he having been convicted under said indictment and the case reversed and remanded by the appellate court), and that said liquor is held for the purpose of being used as evidence in connection with said criminal prosecution. Second, that regardless of the pending criminal prosecution, and regardless of the illegality of the search and seizure, the liquor is contraband, for the reason that it was being transported within the limits of the United States without a permit and in violation of law, and should therefore be forfeited and destroyed.

The petitioner, Robert Burns, and four others, were tried and convicted in this court upon an indictment in two counts, one count charging a conspiracy, under section 37 of the Criminal Code,[1] to transport for beverage purposes intoxicating liquors in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and the second count charging the unlawful transportation of intoxicating liquors. At the trial of this case, the liquor which is the basis of this petition, and which was seized as set forth above, was used as evidence under both counts. The defendant Robert Burns, after his conviction, took writ of error to the Circuit Court of Appeals, and that court reversed the conviction in this court and remanded the cause, with directions for "further proceedings not inconsistent with this opinion." Burns v. U. S., 296 F. 468.

[1] Taking up the first objection on the part of the government, that the liquor is being held for use as evidence in the event the case is again tried in this court and for which reason the petition should be denied, I think the law is well settled that where property has been seized as the result of an illegal search and seizure (as is alleged in this petition), said property may not be used in evidence against the owner, but the owner has the right at any time to have his property so illegally seized returned to him. Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann.

[1] Comp. St. § 10201.

Cas. 1915C, 1177; Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; U. S. v. Porazzo Bros. (D. C.) 272 F. 276; Godat v. McCarthy (D. C.) 283 F. 689.

That the liquor in this case was illegally seized has been settled by the decision of the Circuit Court of Appeals for this circuit in the case of Burns v. United States, supra. In this decision the Circuit Court of Appeals, referring to the liquor which is the subject of this petition, says: "The customs officers had no search warrant. They had not discovered the Junior in the violation of any law, and they had no right to board her or to seize her. Evidence obtained upon an illegal search is inadmissible. Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647. And therefore the court below erred in admitting the samples of liquor in evidence over defendant's objection."

This, it seems to me, absolutely settles the question as to the use of this liquor in evidence in this court. While, as stated by the district attorney, a question as to the legality of a search and seizure in another case, the facts in which are similar to those in the instant case, is now before the Supreme Court of the United States on writ of certiorari from one of the lower courts, I do not think this court would be justified, or the government would be justified, in holding this liquor upon the possibility that the Supreme Court of the United States may render a decision that would be contrary to that of the Circuit Court of Appeals in the Burns Case. I do not, therefore, consider this objection well taken.

[2] The next objection urged by the district attorney is that the liquor in question, notwithstanding the search and seizure were illegal, is contraband, and therefore the petitioner can have no property right in same and the liquor should be forfeited and destroyed by the government. It is contended that the liquor in question is contraband for the reason that the jury convicted the defendant upon the second count of the indictment which charged the unlawful transportation thereof. It seems to me that this position is not tenable, for the reason that the Circuit Court of Appeals reversed the conviction under the second count, holding that the liquor which was used as evidence of the illegal transportation was not admissible. The testimony at the trial of this case, as disclosed by the transcript of record in the Circuit Court of Appeals, shows that this liquor was loaded on the vessel C. C. Junior in the Bahama Islands and from a vessel somewhere in the open sea. This being true, the liquor was lawfully in possession of the petitioner at that time, and the only way the government could show that this liquor was unlawfully transported in the United States would be by introduction in evidence of the liquor.

Inasmuch, however, as the Circuit Court of Appeals has decided that this liquor was unlawfully seized and cannot be used as evidence to prove unlawful transportation, there is no evidence to sustain the contention that the liquor is contraband, in that it was being unlawfully transported in or into the United States. The prayer of the petitioner will be granted upon the giving of a bond in the sum of $3,000, upon the condition that this liquor, when turned over to the petitioner, will be exported from the United States.

An order to this effect will be entered.