## In re BALDI.

District Court, E. D. New York.   July 16, 1929.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and William T. Cowin, both of Brooklyn, N. Y., of counsel), for plaintiff.

Arthur A. Kestler, of Brooklyn, N. Y., for petitioner.

GALSTON, District Judge.   This is a motion for the return of some twenty-six barrels of wine alleged to have been taken unlawfully by police officers, and by them delivered to the United States government.

There is no question that the liquor was seized unlawfully.  The only remaining question is whether, having thus been unlawfully seized, it should be returned to the person from whom it was taken.

The analysis shows the wine content to be 13.13% alcohol by volume, fit for beverage purposes.

In United States v. Jensen, 291 F. 668, Judge Garvin, in this district, held that the petitioner must show that the liquor was lawfully possessed or acquired.

In Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306, the opinion of the court contained this passage, referring to the National Prohibition Act (27 USCA):

"Other provisions show that various penalties and forfeitures are prescribed for violations of the act; and that the only instance in which the possession of intoxicating liquor for beverage purposes is recognized as lawful is where the liquor was obtained before the act went in effect and is kept in the owner's dwelling for use therein by him, his family, and his bona fide guests."

What proof, therefore, is made that the liquor at the time of seizure was lawfully possessed?  The petitioner by affidavit sets forth that some two years before the seizure he pressed grapes and put the unfermented grape juices in twenty-six barrels in his cellar and that this quantity was intended for the use of only himself and his family for "a period of several years."

The implied theory of law from the foregoing contention is that a householder may manufacture unfermented grape juices without violating the law.  Stated thus baldly, perhaps, that contention is correct.  Indeed, the National Prohibition Act, U. S. Code, title 27, § 46 (27 USCA § 46), sets forth:

"The penalties provided in this chapter against the manufacture of liquor without a permit shall not apply to a person for manufacturing nonintoxicating cider and fruit juices exclusively for use in his home, but such cider and fruit juices shall not be sold or delivered except to persons having permits to manufacture vinegar.  (Oct. 28, 1919, c. 85, Title II, § 29, 41 Stat. 316.)"

In United States v. Hill (D. C.) 1 F.(2d) 954, the defendant was charged with the manufacture of fruit juices containing more than one-half of 1 per cent. of alcohol by volume for exclusive home use.  The court in that case charged the jury that the government had the burden of proving that the cider and fruit juices complained of were in fact intoxicating.

Also the Circuit Court of Appeals for the Fourth Circuit, in Isner v. United States, 8 F.(2d) 487, held:

"We were interested in the argument of the government brief in this case, but are

forced to the conclusion that whatever Congress may have meant by inserting the above clause in the Prohibition Act, we are bound to consider and accept the plain language of it. We are forced to the conclusion that Congress intended to take out of the general class of intoxicating liquors nonintoxicating ciders and fruit juices made by one to be used exclusively in his home, and therefore put nonintoxicating vinegar and such fruit juices in a different class, and required that, before a person can be convicted under the act for manufacturing such vinegar and fruit juices, same must be proved by the government to be in fact intoxicating."

There is much difficulty with the view presented in those cases, for they both force a conclusion that the term "intoxicating" beverages, as used in the National Prohibition Act, can have two meanings. According to those cases, the term "intoxicating" may mean a beverage containing one-half of 1 per cent. or more of alcohol by volume, as defined in the act (U. S. Code, title 27, § 4 [27 USCA § 4])—which may or may not be intoxicating in fact—or, secondly, it may mean a beverage which in point of fact is intoxicating. Manifestly, the same term in the same act cannot mean two things. Since intoxicating, as applied to beverages, means a beverage containing one-half of 1 per cent. or more of alcohol by volume, as defined by the act in question, "nonintoxicating" must mean a beverage containing less than one-half of 1 per cent. Hence the paragraph quoted above from the National Prohibition Act, U. S. Code, title 27, § 46 (27 USCA § 46), must mean that the penalties provided in the chapter, while not applying to cider and fruit juices containing less than one-half of 1 per cent. of alcohol by volume when manufactured for use in the home, become operative when such cider or fruit juices are sold or delivered to persons having no permits to manufacture vinegar.

I am in consequence unable to agree that it is lawful to manufacture, even in one's own home and for one's own use, beverages that contain more than one-half of 1 per cent. of alcohol by volume. To hold otherwise compels the contention that the same term is susceptible of two meanings in different sections of the act.

There is, moreover, an additional reason why this present application should not meet with favor. The affidavit of one of the officers who made the seizure states that he found two 150-gallon barrels of wine, 24 50-gallon barrels of wine, one 25-gallon barrel of wine, 18 5-gallon bottles of wine, 10 1-gallon bottles of wine, and 1 ½-gallon bottle of wine—making in all about 6,500 quarts. Assuming that the family consumed 1 quart of wine a day, the petitioner made enough wine to last 18 years. In these circumstances, it is impossible for me to believe that the petitioner made the wine for the use of himself and his family. On the contrary, a proposed commercial use is indicated. The petitioner, therefore, fails to sustain the burden imposed upon him of proving that the liquor was lawfully possessed or acquired.

The motion is denied for the reasons set forth.