### BOURKE v. UNITED STATES. *
### No. 5607.

Circuit Court of Appeals, Sixth Circuit.
Nov. 5, 1930.

Leonard S. Coyne, of Detroit, Mich., for appellant.

Geo. S. Fitzgerald, of Detroit, Mich. (John R. Watkins, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

Agents of the customs service seized a quantity of whisky, located in Bourke's dwelling. Later, the government filed an information in the nature of a libel, asking condemnation, both under Rev. St. § 3450 (section 1181, tit. 26, USCA) and under section 25, tit. 2, National Prohibition Act (section 39, tit. 27, USCA); Bourke answered; the case was heard before the District Judge without a jury; condemnation was awarded; Bourke appeals.

We assume, for the purposes of the opinion, that the proceeding below was not so characteristically the trial of a case at law before the judge without a jury, as to require findings of fact and law as preliminary to a review, and that the appeal may be treated as if it were in equity.

■ Bourke's contention is that, as the seizure was in his home and without a search warrant, it was illegal, and that the property should be, without further inquiry, restored to his possession. The government contends that, under the provisions of the National Prohibition Act, there is no property right in this liquor, and that it would be against public policy to have the liquor restored to

Bourke instead of being destroyed. The two broadly conflicting views on this subject are set out, on the one side by Judge Westenhaver's opinion in U. S. v. O'Dowd (D. C.) 273 F. 600, and by the Fifth Circuit Court of Appeals in Voorheis v. U. S., 299 F. 275; and, on the other side, by the Second Circuit Court of Appeals in U. S. v. Specified Quantity, etc., 7 F.(2d) 35. We are better satisfied to adopt the former view than the latter; and we hold that, if this liquor was such that no property right could exist under section 25 of title 2 of the National Prohibition Act (section 39, tit. 27, USCA), it ought not to be returned to the former possessor, but ought to be declared forfeit and be disposed of accordingly.

The question remains whether this liquor should be deemed to have this illicit character. The question is one of burden of proof. The possession of the liquor and its concealment by Bourke could have been lawful only if it had been manufactured and the taxes thereon paid before January 17, 1920, or if there had been a permit for liquor of later date. Again merely for the purposes of this opinion, and without accepting as controlling the provision of section 33, tit. 2 (section 50, tit. 27, USCA), which in cases within its scope puts the burden on the claimant, we assume that the burden is on the government; but we think it was met by the proofs sufficiently to shift the duty of going forward with the evidence. The liquor consisted of 150 bags, filled with bottles of Canadian whisky. The libel alleges that such were its quantity and character, and the answer in some places so concedes. It was in the cellar of a house not far from the Detroit side of the Detroit river and Lake St. Clair. Two bags were lying upon the floor and across the threshold of a fruit cellar. The fruit cellar itself contained some 200 bottles of assorted liquors, and in a concealed recess were found the 150 bags specified. It is common knowledge that such bags have been much used of late years for transporting illicit liquors; and it is beyond the limits of reasonable credulity to suppose that these 150 bags, containing probably some 1,800 quart bottles of Canadian whisky, had lain in storage in this cellar for nine years, or that any permit existed applying thereto. The whisky was not arranged as if it had been and were to be permanently located—as possibly the unsacked bottles in the fruit cellar were—but it was in a form indicating that it had been recently in transit and that it was waiting further transportation. In this state of the evidence, and nothing further appear-

ing, the trial judge was justified in concluding that Bourke's possession at the time of the seizure was unlawful [1] and should not be restored to him.

At the trial, no objection was made to the introduction of the evidence showing the circumstances of the seizure of the liquor and the description of its appearance and condition when found. We are, therefore, not required to consider to what extent, if at all, this evidence might have been inadmissible, because resulting from an unlawful search.

The order is affirmed.

---

[1] See our discussion of an analogous doubtful inference. Copperthwaite v. U. S., 37 F.(2d) 846, 847, 849.