## UNITED STATES v. MAGGIO et al.

District Court, W. D. New York.

July 28, 1931.

Richard H. Templeton, U. S. Dist. Atty., of Buffalo, N. Y. (Frederick T. Devlin, Asst. U. S. Dist. Atty., of Buffalo, N. Y., of counsel), for the United States.

Latona & Carlo, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

Defendants are charged with the crime of knowingly transporting a quantity of intoxicating liquor, fit for beverage purposes, without obtaining a permit therefor. This is a motion to suppress the evidence gained by virtue of a search and seizure without a warrant, for the return of a quantity of alcohol and the truck in which the same was being transported. It is conceded by the government that the search and seizure was without probable cause. The evidence aforesaid will be suppressed and the truck returned to the defendants.

The question left for determination is whether the alcohol illegally seized shall be returned to the defendants. The petition upon which this motion is made alleges defendants' ownership of the truck in question, illegal search of such truck, the arrest of the defendant, and that defendants' "rights under the Fourth and Fifth Amendments of the Constitution of the United States have been violated in that this was an unreasonable search and seizure of his automobile." There is no assertion of any interest in or right to possession of any of the contents. It was conceded upon the argument that the alcohol seized was fit for beverage purposes.

The authorities are by no means in agreement regarding the effect of the instant state of facts. Many of the cases in which it has been held that liquor illegally seized should be returned to the person from whom seized are illegal seizures in private dwellings. Most of the cases cited by the defendants' counsel on their brief upon this motion are of such a character. Connelly v. U. S. (D. C.) 275 F. 509; U. S. v. Boasberg (D. C.) 283 F. 305; Keefe v. Clark (D. C.) 287 F. 372; U. S. v. Mattingly, 52 App. D. C. 188, 285 F. 922; Amos v. U. S., 255 U. S. 316, 41 S. Ct. 266, 65 L. Ed. 654. Many other cases are distinguishable in their facts from the case before us. Margie v. Potter (D. C.) 291 F. 285; Gallagher v. U. S. (C. C. A.) 6 F.(2d) 758; U. S. v. Burns (D. C.) 4 F.(2d) 131; Brock v. U. S. (C. C. A.) 12 F.(2d) 370. In these cases it will be seen that there at least was some presumption or basis of lawful possession shown.

Section 33 of title 2 of the National Prohibition Act (27 USCA § 50) provides in part: "It shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof," etc. It seems to me the reason for these decisions may rest on a motion of this character upon the presumption of lawful possession in a private dwelling. The seizure having been made in such a dwelling, and nothing having been shown that its possession was illegal, an order for its return may properly have been made. It is true that section 33, supra, provides that "the burden of proof shall be upon the possessor in any action con-

cerning the same to prove that such liquor was lawfully acquired, possessed, and used." But as said in U. S. v. Descy (D. C.) 284 F. 724, 726, the words "in any action concerning the same" are not appropriate to a proceeding of this character, and so do not change the presumption in favor of an owner where there has been any illegal seizure in a dwelling house. It will be noted also that this portion of section 33, supra, applies to the entire section.

In the case at bar, defendants were transporting in a truck 220 five-gallon cartons of alcohol fit for beverage purposes.

Section 25, title 2, National Prohibition Act (27 USCA § 39), provides that it shall be "unlawful to have or possess any liquor * * * intended for use in violating this chapter * * * and no property rights shall exist in any such liquor."

Section 33, title 2, supra, provides that "the possession of liquors by any person not legally permitted under this chapter to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold * * * or otherwise disposed of in violation of the provisions of this chapter." There are various provisions in the National Prohibition Act authorizing possession of liquor under permits. No proof whatever has been offered of any right of the defendants to legal possession of the alcohol in question, nor is there any presumptive right of possession.

If the defendants have the right to possession, the opportunity was given to make proof of this. The burden rests upon them. This view is supported by numerous authorities, among which are U. S. v. Rykowski (D. C.) 267 F. 866; U. S. v. Dziadus (D. C.) 289 F. 837; U. S. v. Gaitan (D. C.) 4 F.(2d) 848; U. S. v. O'Dowd (D. C.) 273 F. 600; Strong v. U. S. (C. C. A.) 46 F.(2d) 257, 261; U. S. v. Kaplan (D. C.) 286 F. 963.

Strong v. U. S., supra, is the most recent decision of a Circuit Court of Appeals. This is in the First Circuit and was decided January 2, 1931. It was a case of a libel for the forfeiture of certain liquors. The court found that the search and seizure were unlawful. Say the court in part: "There can be no question but that Congress in section 25 fixed the event, upon which a divestiture of the claimant's title and right to the liquors would take place, to be his possession of liquors intended for use in violation of the act, for that section expressly provides that in that event 'no property rights shall exist in any such liquor.' The claimant, therefore, was divested of all title or right to the liquors immediately upon his obtaining possession of them; and it is difficult to see what standing he has in court as claimant of the liquors, for, on the happening of that event, he not only became divested of all title and right to the possession of the liquors, but thereupon the government became 'entitled to the possession' of them." The decree of forfeiture was affirmed, and it was there held that it was not necessary to allege that a seizure was lawfully made.

Retention of the liquor by the government is not violative of either the Fourth or Fifth Amendments to the Constitution. Suppression of the evidence of the seizure prevents proof of all acts growing out of such seizure and thus affords full protection given by the Fourth Amendment. Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. U. S. supra.

Alcohol fit for beverage purposes, possessed, except as permitted by the National Prohibition Act, is contraband, and in such no person can have property rights. Moreover, this proceeding, chosen by the defendants, is "due process" within the meaning of the Fifth Amendment.

The case of U. S. v. Specified Quantities of Liquors, 7 F.(2d) 835, decided in this circuit, is cited as controlling upon this court. It does not seem to me that the facts are parallel. That case is comparable with one in which there has been an illegal seizure in a private dwelling. It was made from a chemist who had a permit authorizing the making of pharmacal preparations, and by virtue thereof had possession of certain barrels of alcohol.

In the view which this court takes of the case at bar, the motion for the return of the alcohol is denied.