ROSARIO MARTÍNEZ, Plaintiff and Appellee, *v.* RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 9743. Argued December 1, 1948.—Decided December 21, 1948.

*Luis Negrón Fernández, Attorney General,* and *Manuel J. Medina Aymat, Assistant Attorney General* for appellant. *William Morales Torres* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Pursuant to § 62 of Act No. 6 of 1936 (Sp. Sess. Laws, p. 44) the Treasurer of Puerto Rico enforced a forfei-

ture of a motor vehicle which was being used to transport alcoholic beverages on which the internal revenue had not been paid. The owner of the vehicle appealed to the lower court for a reversal of the forfeiture. She alleged that under the ruling in *People* v. *Decós*, 62 P.R.R. 140, the search by virtue of which the beverages were discovered was illegal because it had been carried out without a search warrant and without probable cause for the search. It concluded that since it was illegal, the forfeiture was void. The Treasurer admitted the illegality of the search, but alleged that that circumstance did not affect the validity of the forfeiture.

The lower court, based on the *Decós* case, *supra*, reversed the decision of the Treasurer and ordered that the vehicle be returned to its owner. The Treasurer appealed. The question for decision boils down to determining whether the search, being illegal, the order of forfeiture is void.

■■ At the outset we should bear in mind that we are not dealing with a criminal case where a judgment based in whole or in part on evidence illegally obtained, and timely objected to, should be reversed.[1] On the contrary, we are reviewing a decision rendered in a proceeding *in rem* where the personal rights of the owner of the thing are not invaded. Consequently, the constitutional clause against unlawful searches is not involved. *Boyd* v. *United States*, 116 U. S. 616, 623 (1886). This point, although novel in this jurisdiction,[2] was decided more than a century ago by the Supreme Court of the United States through Mr. Justice Story in *The Caledonian* case, 4 Wheat. 99 (U. S., 1819), 4 L. ed. 523 where it was said that either by the maritime law or by the general common law, any person may seize any property

---

[1] *People* v. *Nieves*, 67 P.R.R. 283.

[2] The Treasurer's representative correctly sets forth the applicable doctrine and relied on *General Motors Acceptance* v. *Brañuela*, 60 P.R.R. 680; 61 P.R.R. 701. It seems advisable to remark that although that case decides adversely to the owner of the motor vehicle other matters raised by her in the lower court, it does not support the Treasurer's contention as to the essential point now before us because in that case the validity of the search was not questioned.

408

forfeited to the use of the government; that if it proceeds to enforce the forfeiture, it sufficiently makes the search and seizure valid in law even if they had been illegal and said confirmation acts retroactively, that is to say, it is as if the search and seizure had been carried out under legal authority. See, also, *Dodge* v. *United States*, 272 U. S. 530 (1926), 71 L. ed. 392, where a judgment of the United States Circuit Court of Appeals for the First Circuit, upholding a forfeiture based on an unlawful seizure, was affirmed; *Trupiano* v. *United States*, 334 U. S. 699, 710 (1948) ; *Strong* v. *United States*, 46 F. 2d 257 (C.C.A. 1st., 1931), 79 A.L.R. 159; *United States* v. *Eight Boxes, etc.*, 105 F. 2d 896 (C.C.A. 2nd 1939) ; *Bourke* v. *United States*, 44 F. 2d 371 (C.C.A. 6th., 1930) certiorari denied, 282 U. S. 897 (1931).

In the present case the government, by enforcing the forfeiture of the vehicle adopted the search and seizure thus making it valid *ab initio*.

The judgment will be reversed and another rendered instead declaring the forfeiture valid, with costs on appellee.

Mr. Justice Negrón Fernández did not participate herein.