## UNITED STATES v. ONE STUDEBAKER SEVEN-PASSENGER SEDAN.

(Circuit Court of Appeals, Ninth Circuit. March 23, 1925.)

### No. 4457.

**1. Internal revenue ⬤=46—Seizure not prerequisite to forfeiture for attempt to evade tax.**

Seizure by revenue officer is not prerequisite to forfeiture, under Rev. St. § 3450 (Comp. St. § 6352), and it was therefore no defense to action to forfeit automobile, for removing commodity with intent to defraud government of internal revenue tax, that original seizure was by police officers.

**2. Internal revenue ⬤=46—Libel alleging automobile was used in removal of commodity to defraud government held sufficient as against demurrer.**

Allegation of libel, under Rev. St. § 3450 (Comp. St. § 6352), to forfeit automobile, that automobile was used in removal of commodity to defraud government of internal revenue tax, was sufficient as against general demurrer, whether there was removal being question of fact, to be determined at trial.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Proceeding by the United States against One Studebaker Seven-Passenger Sedan, 1922 model, bearing several license numbers, to wit, 1921 Washington license No. 144788, temporary 1922 Spokane county license No. 9400, 1923 Spokane county sticker No. 12953, together with all appurtenances and equipment of said automobile. Demurrer to libel was sustained, and the United States brings error. Reversed, with directions.

Frank R. Jeffrey, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash.

Munter & Munter and Powell & Herman, all of Spokane, Wash., for defendant in error.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This was a proceeding under section 3450 of the Revised Statutes (Comp. St. § 6352) to forfeit an

automobile used in the removal of a commodity upon which an internal revenue tax was imposed, with intent to defraud the United States of such tax. A demurrer to the libel for want of sufficient facts was sustained, and, the libelant refusing to amend or plead further, an order of dismissal was entered. The order of dismissal has been brought here by writ of error for review.

[1] It appeared on the face of the libel that the seizure was made by police officers of the city of Spokane, and for that reason the demurrer to the libel was sustained by the court below, on the authority of United States v. Loomis (C. C. A.) 297 F. 359. In the Loomis Case the forfeiture was claimed under section 26 of title 2 of the National Prohibition Act, and we there held that there could be no forfeiture unless the automobile was seized by the commissioner, his assistants, inspectors, or some officer of the law, and that city police officers were not officers of the law within the meaning of that section. That was the only question before the court and the only question decided. It must be conceded that the discussion in the opinion extended to forfeitures generally, but that part of the discussion was mere dicta, and upon further consideration we are convinced that seizure by a United States revenue officer is not a necessary prerequisite to a forfeiture under section 3450, supra. Thus, in Taylor et al. v. United States, 3 How. 197, 11 L. Ed. 559, it was contended that the seizure upon which the information was based was irregularly and improperly made, because made by the collector of customs of the port of Philadelphia, instead of by the collector of customs of the port of New York; but the court held that the contention was without foundation, adding:

"But the objection itself has no just foundation in law. At the common law any person may, at his peril, seize for a forfeiture to the government, and, if the government adopts his seizure, and institutes proceedings to enforce the forfeiture, and the property is condemned, he will be completely justified. So that it is wholly immaterial in such a case who makes the seizure, or whether it is irregularly made or not, or whether the cause assigned originally for the seizure be that for which the condemnation takes place, provided the adjudication is for a sufficient cause. This doctrine was fully recognized by this court in Hoyt v. Gelston, 3 Wheat. 247, 310, and in Wood v. United States, 16 Peters, 342, 358, 359. And from these decisions we feel not the slightest inclination to depart."

[2] The fact, therefore, that the original seizure was made by police officers constituted no defense to the proceeding. The defendant in error further contends that the libel is defective, because there was no removal of the commodity such as the law contemplates; but, in answer to this contention, we need only say that the libel charges a removal, and that is sufficient as against a general demurrer. Whether there was such a removal as the law contemplates or not is a question of fact, to be determined upon the trial.

The judgment of the court below is reversed, with instructions to overrule the demurrer and for further proceedings in accordance herewith.