## THE UNDERWRITER.

(Circuit Court of Appeals, Second Circuit.
July 7, 1926.)

No. 137.

**1. International law ⊗⇒7.**

American vessel, reasonably believed to be violating laws of United States, *held* lawfully seized by Coast Guard agents on high seas, 34 miles off coast.

**2. International law ⊗⇒7.**

American ship on high seas retains her allegiance to sovereignty of United States.

**3. International law ⊗⇒7.**

Every nation has a right to bind its own subjects to its own laws in every other place.

**4. Admiralty ⊗⇒23.**

Seizure of vessel need not be lawful in its origin, to support libel for forfeiture, where vessel is in possession of collector at time libel is filed.

**5. Customs duties ⊗⇒130.**

Liquor-laden American vessel, seized 34 miles off coast, *held* not subject to forfeiture, under Tariff Act 1922, §§ 593a–594 (Comp. St. Ann. Supp. 1923, §§ 5841h12–5841h14), or Rev. St. § 3450 (Comp. St. § 6352), relating to smuggling of goods with intent to defraud United States of tax.

**6. Customs duties ⊗⇒130.**

Liquor-laden vessel, seized 34 miles off coast, *held* not subject to forfeiture, under Rev. St. §§ 2867, 2868, 3088 (Comp. St. §§ 5555, 5556, 5792), or Tariff Act 1922, §§ 586, 587 (Comp. St. Ann. Supp. 1923, §§ 5841h5, 5841h6), relating to merchandise unlawfully unloaded within 4 leagues of coast.

**7. Intoxicating liquors ⊗⇒246.**

Liquor-laden vessel, seized 34 miles off coast, *held* not subject to forfeiture under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), forbidding transportation of liquor; there being no transportation within United States.

**8. Shipping ⊗⇒16—Libel for forfeiture of vessel for engaging in trade for which she was not licensed held sufficient under statute as against exception (Rev. St. § 4377 [Comp. St. § 8132]).**

Libel for forfeiture of American vessel registered for coastwise trade only, seized on high seas while laden with whisky and without permits authorizing boat or crew to carry intoxicating liquor, *held* sufficient, under Rev. St. § 4377 (Comp. St. § 8132).

**9. Shipping ⊗⇒16—Libel for forfeiture of liquor-laden coastwise vessel for proceeding on foreign voyage without giving up enrollment or license held sufficient under statute (Rev. St. § 4337 [Comp. St. § 8086]).**

Libel for forfeiture of liquor-laden American vessel registered for coastwise trade only, on ground that she had proceeded on a foreign voyage without giving up her enrollment and license, in violation of Rev. St. § 4337 (Comp. St. § 8086), *held* sufficient as against exception.

13 F.(2d)—28

Appeal from the District Court of the United States for the District of Connecticut.

Libel by the United States for forfeiture of the American steam screw Underwriter, her engines, etc.; Arthur Maul, claimant. From a decree (6 F.[2d] 937) sustaining claimant's exceptions to libel, the United States appeals. Reversed.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn.

Louis Halle, of New York City (Emanuel Tacker, of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The libel filed sets forth five causes of forfeiture: First, alleged violation of sections 593(a)–594, of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, §§ 5841h12 to 5841h14), and section 3450 of the Revised Statutes (Comp. St. § 6352), in that it was alleged that liquor had been imported into the United States contrary to law; the second cause of forfeiture alleges a violation of sections 2867, 2868, and 3088 of the Revised Statutes (Comp. St. §§ 5555, 5556, 5792), as well as sections 586, 587, of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, §§ 5841h5, 5841h6), alleging that the vessel had received aboard it a quantity of intoxicating liquor; the third ground of forfeiture alleges the violation of section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), alleging illegal transportation of intoxicating liquor on said vessel; the fourth cause alleged violation of section 4377 of the Revised Statutes (Comp. St. § 8132), in that the vessel is employed in a trade other than that for which she was licensed; and the fifth cause of forfeiture is that the vessel proceeded upon a foreign voyage without giving up her enrollment and license in accordance with the provision of section 4337 of the Revised Statutes (Comp. St. § 8086).

[1] The Underwriter was an American vessel under American registry and was licensed for coastwise trade. On December 7, 1924, she was seized by the United States Coast Guard officials on the high seas 35 miles S. E. S. 147° true from Block Island S. E. Lighthouse light, lat. 40–40 long. At the time of seizure, she had 811 cases of whisky stored in her hold, and search revealed that she had no permit authorizing

the transportation of such liquor. The search of the crew found no permit. The vessel and cargo were placed in the custody of the director of customs for the District of Connecticut, and a libel was filed for the condemnation of the vessel. Exceptions were filed by the appellee, which claimed, in support of such exceptions, that the search and seizing of the vessel at this point on the high seas was unlawful and without warrant of law, and that the evidence thus secured against the vessel is inadmissible on any trial. It is further claimed that the several causes of forfeiture referred to in no instance support a forfeiture under recognized principles of law.

[2] At the outset, the question is presented whether there was a seizure sufficient to support the jurisdiction of the court on this libel of information. That the vessel was seized by officers on the high seas at the point in question is not disputed. Section 581 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h) authorizes search or seizure of a vessel by the Coast Guard and its agents for any breach or violation of the laws of the United States committed when the vessel is within any place of the United States or within four leagues of the coast of the United States. This American ship on the high seas retained her allegiance to the sovereignty of the United States. Cunard S. S. Co. v. Mellon, 262 U. S. 123, 43 S. Ct. 507, 67 L. Ed. 894, 27 A. L. R. 1306. For, as that court said:

"The jurisdiction which it is intended to describe arises out of the nationality of the ship, as established by her domicile, registry and use of the flag, and partakes more of the characteristics of personal than of territorial sovereignty. See The Hamilton, 207 U. S. 398, 403 [28 S. Ct. 133, 52 L. Ed. 264]; American Banana Co. v. United Fruit Co., 213 U. S. 347, 355 [29 S. Ct. 511, 53 L. Ed. 826, 16 Ann. Cas. 1047]; 1 Oppenheim International Law (3d Ed.) §§ 123-125, 128. It is chiefly applicable to ships on the high seas, where there is no territorial sovereign."

In The Apollon, 9 Wheat. 362, 6 L. Ed. 111, Justice Story said: "The arrest of offending vessels must, therefore, be restrained to places where our jurisdiction is complete, to our own waters, or to the ocean, the common highway of all nations." See, also, Seagrove v. Parks, 1 Q. B. 555 (1891).

[3] It is quite well recognized that every nation has a right to bind its own subjects to its own laws in every other place. Story, Conflict of Laws, pp. 19-21. Therefore, if there is reason to believe that the municipal law of the United States was being violated, it authorized the seizure in question. The right of jurisdiction over vessels owned by its subjects authorizes the detention and commands the capture of the vessel found on the high seas; if, upon reasonable grounds, it is believed to be owned by its subject and to be engaged in violating its laws.

Section 581 of the Tariff Act of 1922 was intended to give the Coast Guard authority to stop, board, search, and seize foreign vessels coming within the 12-mile limit. It was not intended as a delimitation of the powers of that service, forbidding search, seizure, or detention of American boats beyond the 12-mile limit. It was a recent enactment, intended to serve notice upon nationals of other countries coming within the 12-mile limit who attempted the violation of the laws of the United States. Under ordinary conditions, the United States would have no authority in times of peace to search or seize a foreign vessel beyond its territorial limitations, which is 3 miles, but where treaties recognize or permit search and seizure to the 12-mile limit, and this explanation is acquiesced in by other nations, as is the case in so far as the enforcement of the National Prohibition Law is concerned, it clearly was an intention of Congress, in the absence of formal diplomatic objection to the same, to permit the Coast Guard, engaged in the service of the enforcement of this law, to make search and seizure for violation of the law within the 12-mile limit. But as to vessels of the United States it has long been recognized that the power resides within the United States government to make search and seizure, where such may be made upon reasonable grounds appearing that illicit trade forbidden by the laws of Congress is being practiced.

[4] The learned District Judge was in error in holding that the seizure must be lawful in its origin. The particular method used in bringing the vessel into the district of Connecticut was of no importance, in so far as the jurisdiction is concerned. As it appears that the res was in the possession of the collector when the libel was filed, it is sufficient to support the jurisdiction of the libel. The Caledonian, 17 U. S. (4 Wheat.) 100, 4 L. Ed. 523; Taylor v. United States, 44 U. S. (3 How.) 197, 11 L. Ed. 559; Wood v. United States, 41 U. S. (16 Pet.) 342, 10 L. Ed. 987; United States v. One Studebaker Sedan (C. C. A.) 4 F.(2d) 534; United States v. Story (C. C. A.) 294 F. 517.

Since it has been established that there was reasonable cause to believe that the law of the United States was being violated by this vessel, it could be seized by the agents of the Coast Guard, whatever may be the statutory limits of their power.

[5] The first cause of forfeiture is based upon the statute which refers to the smuggling of goods or commodities with intent to defraud the United States of tax and profits, and provides for forfeiture and penalty. Sections 593(a)–594 of the Tariff Act of 1922; section 3450 of the Revised Statutes. These statutes have no application, for nowhere in the libel or in the stipulation does it appear that any merchandise was brought within the boundaries of the United States. There was no smuggling of the liquor within the provisions of this act. Ritterman v. United States, 12 F.(2d) 849 (C. C. A. 2d Circuit).

[6] The section invoked for the second ground of forfeiture applied to merchandise which is unloaded from a vessel within 4 leagues of the United States coast. These do not apply to merchandise found 34 miles off the coast on a vessel.

[7] The third ground of forfeiture involves violation of section 26, title 2, of the National Prohibition Law, which forbids transportation of intoxicating liquors without necessary permits. It does not appear that the liquor was transported on the vessel within the territory of the United States, and therefore there was no violation of this provision. Cunard S. S. Co. et al. v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306; Romano v. United States (C. C. A.) 9 F.(2d) 522.

[8] The fourth ground of forfeiture was a violation of Rev. St. § 4377 (Comp. St. § 8132) in that the vessel was employed in a trade other than that for which she was licensed. The stipulation provides that the vessel was registered for coastwise trade only, and that when she was seized she was laden with cases of whisky, and she carried no permits of any kind authorizing the boat or crew to carry intoxicating liquors containing more than 1½ per cent. alcohol by volume. In the absence of a permit for such transportation and trade, she was violating the provisions of her license to transport merchandise, and she was violating the municipal law of the United States. The allegations of this stipulation, together with the allegations of the libel, are sufficient to support and sustain the libel as to the fourth cause of forfeiture. Section 4377 of the Revised Statutes clearly provides that any ves-

sel, employed in any trade other than that for which it is licensed, is subject to seizure and forfeiture.

[9] The fifth cause of forfeiture is a violation of section 4337 (Comp. St. § 8086), in that the Underwriter left the United States and proceeded to a point on the high seas, and did not, prior to proceeding on such foreign voyage, give up her enrollment or license, or procure a certificate of registry from the collector of the district, comprehending the port from which she should proceed on such voyage. The libel sufficiently sets this forth, as it does the character of the cargo she carried.

The fourth and fifth grounds of forfeiture are sufficiently alleged in the libel. There is nothing in the stipulation of facts, which were agreed to for the purpose of testing the sufficiency of the libel, to have warranted the court below in sustaining the exceptions to this libel. The decree will therefore be reversed, with directions to the District Court to proceed in conformity with this opinion.

Decree reversed.

ROGERS, Circuit Judge, concurred in these views, but, owing to his absence, has not read this opinion.