## UNITED STATES v. ONE LOT OF INTOXICATING LIQUOR.

District Court, S. D. Texas, Houston Division.
August 10, 1928.

No. 921.

1. **Intoxicating liquors ⬅⇒249—Validity of seizure of goods for use in unlawful manufacture of liquor is not dependent on seizure being made on search warrant.**

Seizure of goods intended for use in manufacture of intoxicating liquor and possessed for sale for such unlawful use need not necessarily be made on search warrant in order to be valid.

2. **Intoxicating liquors ⬅⇒250—Evidence held to authorize forfeiture of goods intended for use in unlawful manufacture of liquor.**

Evidence in libel for forfeiture of goods designed and intended for use in unlawful manufacture of intoxicating liquor and possession for sale for such unlawful use *held* sufficient to authorize forfeiture.

3. **Intoxicating liquors ⬅⇒251—Claimant of goods appropriate for use in manufacturing liquor held, under evidence, to have burden of explaining purpose and character to avoid forfeiture.**

Claimant of goods appropriate for use in unlawful manufacture of intoxicating liquor *held*, in view of evidence establishing the unlawful purpose and use of goods, to have burden of explaining purpose and character thereof in order to avoid forfeiture.

At Law. Libel of forfeiture by the United States against one lot of intoxicating liquor, etc., claimed by Thomas Maddi. Decree of forfeiture.

H. M. Holden, U. S. Atty., and Howell Ward, Asst. U. S. Atty., both of Houston, Tex.

Heidingsfelder, Kahn & Branch, of Houston, Tex., for defendant.

HUTCHESON, District Judge. This is a libel of forfeiture, brought by the United States upon the allegation that certain properties seized by the deputy prohibition administrator on July 28, 1927, in a store owned by and in the possession of the defendant Thomas Maddi at 1700 West Dallas street, consisting of cans, crocks, hose, bottles, cappers, sugar, malt, flavoring extracts, rye, hops, etc., and other similar articles, were designed and intended for use in the unlawful manufacture of intoxicating liquor, and possessed for sale for such unlawful use, and that such property became and thereby is forfeited to the United States.

Thomas Maddi, as claimant, files claim to the property, demurring to the sufficiency of the libel, in that it fails to allege a seizure, denying the truth of the allegations of the libel, and especially alleging that the seizure was under a pretended search warrant, which was not supported by probable cause, and did not describe or call for the seizure of the property in question; that, there being no lawful seizure, the libel must fail.

Upon the trial the United States offered the following proof: That in May or June, 1927, the deputy administrator and an assistant visited the Rainbow Mercantile Company, at a store at 1700 West Dallas street, Houston, Tex., where they found Mrs. Maddi, the wife of the defendant, in charge of the store; that the store had in it no goods, wares, or merchandise, except those seized, and that these were prominently displayed in the windows and in and around the store; that a conversation with the woman in charge of the store ensued, they stating that they wished to look around; that they were advised by her as to the uses and purposes of

the various articles in the store; that they were used for the manufacture of liquor, and that in addition to other articles available for that purpose she told them that certain bottles in the store had bead oil in them, affirming that it was for the purpose of putting a bead on corn whisky; the agents then stated to each other that this was a good place to come to, to get their outfit, and the woman gave them assurance they would be served; that on July 27 Bracey Melton secured a search warrant upon affidavit stating that he had smelled the odor of whisky coming from the garage in the rear of the store, and on a previous occasion had seen a person going from the garage into the store with a package.

The warrant declared that the Prohibition Act (27 USCA) was being violated by the possession of intoxicating liquor at a store and garage, and directed the seizure of the liquor and containers, but no mention was made in the affidavit for the warrant, nor in the warrant itself, of the articles, corks, bottles, etc., the subject of this libel. In the execution of that warrant the officers searched the garage, finding 35 gallons of corn whisky, part of which was clear fluid, and part of which contained coloring matter. They searched the store, and in a coat at the rear found a pint bottle partly filled. In a desk in the store was found a key to the container in which the whisky in the garage was kept.

The officers testified that Maddi admitted the ownership of the coat and the liquor in the coat, but denied any connection with the whisky in the garage, claiming it belonged to other persons. While the officers were in possession of the store, Mr. Hammons, the prohibition officer was called for, and, after conferring with the district attorney's office, seized the stock of goods in the store, and a libel was immediately filed. The stock consisted of a large number of charred or paraffine line kegs, some thousand bottles of the kind usually used to contain whisky and beer, coloring extracts labeled "Bourbon," "Scotch," "Menthe," "Anisette" Gordon Dry, and a number of hydrometers labeled in effect United States customs standard for distilled alcohol, a large quantity of brewer's or confectioner's sugar, bottle cappers, washers, etc. There was no article in the store which could not be used to manufacture or prepare intoxicating liquor, while, of course, all of the articles, except the whisky, could have been used for something else.

At the time of the seizure Maddi claimed the ownership of the store and the goods, and later filed his claim in this cause. The defendant offered the testimony of Mrs. Maddi, who denied the conversation testified to by the officers. No other testimony was offered by the defendants, either in person or from other witnesses. Defendant attacks the proceedings on the ground that the seizure was really made under the search warrant, as shown by the return on the warrant, listing the articles seized; that, that seizure having been illegal, it could not support the libel.

The government replies that the seizure was not made upon the warrant, and does not depend upon it, but that it was in fact made by the prohibition administrator upon evidence in his possession, and upon the advice of the district attorney; therefore the libel stands upon a valid seizure and will support a valid forfeiture. The defense insists that the libel cannot stand, except upon a valid search warrant, and that, the search warrant being invalid to support a seizure of the goods in the store, the libel must fail. In support of this position, defendant cites Daeufer-Lueberman Brewing Co. v. U. S. (C. C. A.) 8 F.(2d) 1; U. S. v. Smith (D. C.) 23 F.(2d) 929; Ghisolfo v. United States (C. C. A.) 14 F.(2d) 389.

[1] I agree with defendant that the seizure cannot be supported upon the search warrant, but I do not agree that this is necessary to a valid seizure. I think the matter has been otherwise decided, both by the Circuit Court of Appeals of the Second Circuit, in Avignone v. United States, 12 F.(2d) 511, and by the Supreme Court, in Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392, both of which decisions, it seems to me, in addition to their authority, are supported by the best of reasons.

[2] It remains only to inquire if the government has proved the charges of its libel. To hold that it has not would be to turn one's face from the light, and blind one's eyes to the truth.

[3] In addition to the speaking character of the goods themselves, constituting no part of an ordinary store equipment, there was the affirmative testimony of the prohibition officers as to their conversation with the person in charge of the store, together with the lack of explanation by the claimant of the purpose and character of the store and its contents, the burden to furnish which the evidence in this case certainly casts upon claimant.

Let the government have its decree of forfeiture.