## THE ELIZABETH S.
### No. 2910.

District Court, E. D. New York.
Jan. 16, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City, for claimant.

BYERS, District Judge.

This is a motion for an order dismissing the libel and for a return of the vessel and cargo which constitute the subject matter of the libel.

In the case of United States v. Powers et al. (D. C.) 1 F. Supp. 458, a motion was granted to suppress the evidence obtained by the Coast Guard in connection with the seizure in Long Island Sound of the Elizabeth S on May 16, 1932, on the ground that the seizure of the vessel and the search conducted pursuant thereto were illegal for the reason that there was no probable cause to justify the boarding by the Coast Guard for the purpose of discovering, if possible, a violation of the Prohibition Law (27 USCA); that the contention that the boarding, search and seizure were actually justified under section 581 of the Tariff Act of 1930 (19 USCA § 1581), could not prevail because it was apparent that the unlawful acts of the Coast Guard were not performed for the purpose of ascertaining whether, in fact, there was being committed any tariff act violation.

The matter now presented for determination is whether the seizure, having been held to be illegal, may nevertheless form the basis of a valid forfeiture proceeding pursuant to the provisions of the said Tariff Act. The seizure is alleged to have been "for violation of the provisions of the laws of the United States," but reference to the specific law is carefully avoided; the causes of forfeiture as alleged in the libel are as follows:

First: To recover the penalty provided in section 584 of the Tariff Act [19 USCA § 1584] because no manifest was produced.

Second: To secure the penalty provided in the said section equal to the value of the merchandise not included in the said manifest.

Third: Because of the forfeiture of the cargo of liquor said to be contemplated by section 592 of the said Tariff Act [19 USCA § 1592].

Fourth: To secure the fine constituting a punishment for a misdemeanor for violating section 593 of the said act, 19 USCA § 1593 (although there has been no prosecution thereunder).

Fifth: Because the vessel is subject to forfeiture for having engaged in trade other than that for which it was licensed, in violation of the provisions of section 4377 of the Revised Statutes (46 USCA § 325).

The criminal charges in which the motion to suppress was granted were those of possessing and transporting intoxicating liquors in violation of the National Prohibition Act (27 USCA); following the granting of the said motion, said criminal proceedings were dismissed.

■ The question is whether the seizure, having been held illegal in the criminal proceed-

ings, may still be sufficient to support the forfeiture herein sought.

Had the Coast Guard boarded the vessel for the purpose of ascertaining whether a violation of the Tariff Act was being committed, the necessity for probable cause would not have existed, and a seizure followed by proper proceedings for a violation of the Tariff Act would have avoided the objections presented and heretofore considered in the criminal proceedings. While it may be convenient to the government to disregard all that took place in connection with the criminal cause, and consider this subject as it is now presented, solely as a new issue involving only violation of the tariff law, no authority is cited which would justify such a method of approach.

A decision has been made that the seizure was illegal because it was not made under the Tariff Act but under the Prohibition Law, and it is not apparent how the court can now say that a seizure, which was illegal for the purposes for which it was made, may be upheld, nevertheless, because it would have been legal for another purpose, which was not entertained or sought to be accomplished.

The United States elected to proceed under the Prohibition Law and, having been unsuccessful, is now seeking to do what it might have done in the first instance with apparent propriety.

If the Elizabeth S were to be held subject to forfeiture for the violations of the Tariff Act which are alleged in the libel, it could only be on the theory that a valid seizure was made pursuant to the powers therein conferred; but it has already been decided that the seizure was not so made, and therefore something more than a small consistency would seem to lead to the conclusion that the present attempt at forfeiture is without legal support in the antecedent seizure.

In United States v. Specified Quantities of Intoxicating Liquors (C. C. A.) 7 F.(2d) 835, 837, a libel was filed by the United States for the forfeiture of liquors which had been seized under a search warrant which was later vacated. The libel in that case has been examined. It is apparent that the forfeiture therein sought was under the Volstead Law (27 USCA) and, as the search and seizure necessarily fell with the search warrant, the right to hold the property came to the same end. After deciding that a motion to vacate the libel was proper, the court said:

"As to the second inquiry stated above, we hold that the United States as libelant had or could assert no other or greater title to or right in the liquor, etc., than that obtained by seizure under the Volstead Act. As libelant it stood in the shoes of the seizing prohibition agents; therefore it had no greater rights under the libel than under the search warrant, and, when the latter fell, the right to hold the res also fell."

That decision was followed in the Southern District in the case of United States v. Lot of Wine, etc., 31 F.(2d) 495. See, also, In re Phœnix Cereal Beverage Co., Inc. (C. C. A.) 58 F.(2d) 953, at page 957.

The only legal distinction, between the first case above referred to and that now under examination, is that forfeiture is herein sought in part under the Tariff Act instead of under the Prohibition Law, but it is thought that the continued possession of the res, under a seizure which has been held illegal, is no more lawful than would be such possession pursuant to a search warrant which had been vacated.

If the foregoing is sound, the causes for forfeiture under the Tariff Act would be insufficient to sustain the proceeding, in the absence of authorities holding to the contrary.

■ A different question arises under that article of the libel which has to do with section 4377 of the Revised Statutes (46 USCA § 325) concerning a vessel "employed in any other trade than that for which she is licensed" in which case "such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited."

The license of this vessel, dated December 19, 1930, at New Bedford, Mass., was granted for employment in carrying on the "Coasting Trade."

That the Elizabeth S was not so engaged and carried no permit to transport liquor when seized in Long Island Sound on May 16, 1932, is assumed from the failure of the deponent to state otherwise in his motion papers.

That seizure for such a violation is not required to be a lawful seizure, was said by the Circuit Court of Appeals for the Second Circuit in The Underwriter, 13 F.(2d) 433, at pages 434, 435 (citing cases involving other provisions of law than this) wherein a libel for this cause was sustained, the seizure having been on the high seas.

The decision in that case was affirmed on the ground that the seizure by the Coast Guard was lawful. Maul v. U. S., 274 U. S. 501, 47 S. Ct. 735, 739, 71 L. Ed. 1171.

The court has not had the benefit of a dis-

cussion of this point by either counsel, but the citations of The Underwriter, supra, seem to point to a broad acceptance of the rule therein stated, although the point seems to have been reserved by the Supreme Court in the Maul Case, supra, in this language: "Whether if the seizure—made by federal officers—were unlawful the ruling in Dodge v. United States, 272 U. S. 530 [47 S. Ct. 191, 71 L. Ed. 392], would apply need not be considered."

In The Underwriter, supra, the opinion states: "Since it has been established that there was reasonable cause to believe that the law of the United States was being violated by this vessel, it could be seized by the agents of the Coast Guard, whatever may be the statutory limits of their power."

That condition has been found not to have been present in the case at bar, so far as a violation of the Prohibition Law is concerned. It is not thought, however, that the distinction presents such a difference between the two cases that the District Court would be justified in making a disposition of this controversy which would depart from the broad principle stated by the court in that case in the following language:

"The learned District Judge was in error in holding that the seizure must be lawful in its origin. The particular method used in bringing the vessel into the district of Connecticut was of no importance, in so far as the jurisdiction is concerned. As it appears that the res was in the possession of the collector when the libel was filed, it is sufficient to support the jurisdiction of the libel."

As this libel is based in part upon the apparent violation of section 4377 of the Revised Statutes (46 USCA § 325) and as the res is in the possession of the collector of customs of the port of New York, the motion to dismiss the libel and for a return of the vessel and her cargo will be denied.

Settle order on notice.