## THE STERLING.
## THE YUNA C.

### PICOU et al. v. UNITED STATES.
### No. 6869.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1933.

Edwin H. Grace, of New Orleans, La., for appellants.

Edmond E. Talbot, U. S. Atty., and P. M. Flanagan, Asst. U. S. Atty., both of New Orleans, La.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from decrees in consolidated libels of information adjudging coastwise vessels forfeit for having been engaged in a trade other than that for which they were licensed. While under United States licenses to engage in the coasting trade upon condition that they would not engage in any trade whereby the revenues would be defrauded, or in any other trade than as licensed, the gas screw Yuna C, Edville Doucet, then owner and master, and the gas screw Sterling, Wilce Picou, owner and master, on April 2 and 3, 1931, violated their licenses by engaging, contrary to them, in the illicit trade of carrying contraband whisky. On May 24, the Sterling, Picou still owner and master, and on June 11, the Yuna C, William Ledet, owner and master, were seized by the Coast Guard service and turned over to the collector of customs as forfeit to the United States for the violations aforesaid.

Libels of information alleging these facts having been filed against both vessels, and monitions duly issued, William Ledet appeared to claim and give bond for the Yuna C and Wilce Picou to claim and give bond for the Sterling, and the libels were by order consolidated to be tried as one cause. Thereafter, coming on to be heard on the issues joined, that the libels of information failed to allege and the facts admitted to be as alleged failed to establish causes for forfeiture, in that from them it appeared that the vessels were not at the time of their respective seizures engaged in violating their licenses, but at some prior time, the court found and adjudged that a case of forfeiture was alleged and proved, and decrees were entered accordingly.

Appellants urge here, as they urged below, that the statute, section 4377, R. S. (46 USCA § 325)[1] authorizes the forfeiture of vessels for trading outside of their licenses only when seized flagrante delicto; that it does not apply to cases like these, of past violations.

We do not, any more than the District Judge did, agree with appellants. We think as he did, that the statute operates, upon the occurrence of the forbidden act, to forfeit the offending vessel. The statute says nothing regarding the time, manner, or conditions of seizure; in fact, nothing of seizure at all. There is in it only the plain statement that, whenever any licensed vessel is employed in any other trade than that for which she was licensed, such vessel shall be forfeited. Under such a statute, forfeiture is not dependent on seizure. The doing of the forbidden act itself effects it. Under such a statute, neither seizure nor adjudication effects the forfeiture. They merely operate to devote the forfeited thing to the uses of the government, which, as the result of the forbidden act, has become the owner of it. Not cases like U. S. v. One Reo Sedan (D. C.) 39 F.(2d) 120; U. S. v. Hydes (C. C. A.) 267 F. 470, 471, construing statutes authorizing officers to seize vessels and vehicles found in the act of violating the law, but cases like Two Certain Ford Coupe Automobiles (C. C. A.) 53 F. (2d) 187; U. S. v. Blackwood (C. C. A.) 47 F.(2d) 849; Daniels v. U. S. (C. C. A.) 51 F.(2d) 646; U. S. v. 1960 Bags of Coffee, 8 Cranch, 398, 3 L. Ed. 602, and U. S. v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555; The Two Friends, Fed. Cas. No. 14,289 and the Sea Hawk (D. C.) 45 F.(2d) 437, are controlling here. These cases make it clear that "whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right

to the United States at the time the offense is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith." United States v. Stowell, 133 U. S. 16, 10 S. Ct. 244, 247, 33 L. Ed. 555.

A reading of the statute in the light of these decisions leaves no room for question that the commission of the offense forfeits the vessel and subjects it to later seizure and judgment of condemnation. The construction appellants contend for leads to absurd results. They say that, because the statute uses the word "is" rather than the words "has been" with reference to the forbidden "transfer" and the forbidden business, it speaks only in the present tense, relates alone to the facts existing at the time of seizure, and operates to forfeit only when seizure and violation are contemporaneous. Under such construction such a vessel could be transferred with impunity as the owner willed, for it would be impossible for officers to exercise such close surveillance as that the act of transfer could not be accomplished except in their sight. Under such construction, a vessel could go in and out of her licensed trade whenever not directly under the eye of some seizing officer. The statute intended no such far-fetched result. It does not so provide. In using the words "is transferred" and "is employed," it used them in a preterit sense, to define a status brought about by the forbidden act with consequent forfeiture.

The decrees were right. They are affirmed.

---

[1] Section 4377, R. S., provides as follows: "Whenever any licensed vessel is transferred, in whole or in part, to any person who is not at the time of such transfer a citizen of and resident within the United States, or is employed in any other trade than that for which she is licensed, or is found with a forged or altered license, or one granted for any other vessel, such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited. But vessels which may be licensed for the mackerel fishery shall not incur such forfeiture by engaging in catching cod or fish of any other description whatever."