## UNITED STATES v. EIGHT BOXES CONTAINING VARIOUS ARTICLES OF MISCELLANEOUS MERCHANDISE.

### In re MARCEL ROCHAS, Inc.

### No. 271.

Circuit Court of Appeals, Second Circuit.
June 30, 1939.

Evarts, Choate, Curtin & Leon, of New York City (Maurice Leon, of New York City, of counsel), for claimant-appellant.

Gregory F. Noonan, U. S. Atty., and Dolores C. Faconti, Asst. U. S. Atty., both of New York City, for libellant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order entered in the above suit brought by the government to forfeit certain merchandise imported by Marcel Rochas, Inc., because it was smuggled into the United States in violation of Section 593 of the Tariff Act of 1930. After the unlawful importation Marcel Rochas, Inc., became a bankrupt. The trustee in bankruptcy thereupon sought to intervene as claimant of the goods, to open the default which the bankrupt had suffered and to establish his claim as an owner or as one having a right of possession. His application was denied in the court below and a decree condemning the merchandise and directing its sale by the marshal was granted to the United States. We think that the order was right and should be affirmed.

The court properly found that the goods in question were imported contrary to law and were therefore subject to forfeiture under Section 593(b) of the Tariff Act of 1930, 19 U.S.C.A. § 1593(b). See 28 U.S.C.A. § 736. This was shown by the proof herein that Marcel Rochas, Inc., had been found guilty of smuggling the merchandise.

On December 15, 1937, a search warrant was issued upon an application of the government, directing entry into and a search of premises No. 32 East 67th Street, New York City, and the seizure of merchandise alleged to have been smuggled into the United States, as well as of books,

records and papers used in connection with the importation of the goods. In pursuance of the search warrant an agent of the customs entered and seized the property described in the warrant. The Collector of Customs took possession of the property on December 16 and notified the United States Attorney of the seizure. 19 U.S.C.A. §§ 1602 and 1603. On December 27, 1937, the government filed the libel we have already referred to, seeking forfeiture on the ground that the goods were smuggled in violation of Section 593 of the Tariff Act of 1930. The property was taken into possession by the marshal and a monition was issued returnable on January 18, 1938. Upon the return of the monition the default of all persons was noted.

In a former proceeding we granted an application of Marcel Rochas, Inc., to quash the search warrant because it was issued without any showing of probable cause. We also directed the return of the property that had been seized so far as it consisted of books, records, and papers, but denied the application for the return of the merchandise because of the pendency of the libel which had been filed December 27, 1937, to obtain its forfeiture. Appeal of Marcel Rochas, Inc., 2 Cir., 96 F.2d 153, and 795. We said at page 796 of 96 F.2d: "Whether the merchandise shall be forfeited or returned is to be determined in that proceeding. There is nothing in our mandate to prevent the trustee in bankruptcy from intervening in that proceeding if he so desires."

■■ In conformity with our decision the District Court entertained the application of the trustee but denied the latter's motion to open the default of Marcel Rochas, Inc., because of the delay of several months which occurred before making it and because a continuance of the litigation would bring about no useful result. We are not inclined to disturb the order of the court below for abuse of discretion since there has been no showing of facts justifying intervention. Indeed, the only serious argument made by the trustee against the disposition of his motion is that the District Court never acquired jurisdiction of the res because the original seizure was under a search warrant granted in violation of the Fourth Amendment to the Federal Constitution, U.S.C.A. But the United States chose to adopt the seizure and therefore the court had jurisdiction of the

merchandise and could properly declare it forfeited under Section 593 of the Tariff Act as smuggled and contraband goods.

■ There is a clear distinction between the use in a criminal proceeding of evidence obtained by illegal search and seizure and the filing of a libel to forfeit property obtained by like unlawful means. Neither papers nor property may be used as evidence in a criminal proceeding, Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654, but, as Justice Brandeis said in United States v. One Ford Coupe, 272 U.S. 321, 325, 47 S.Ct. 154, 155, 71 L.Ed. 279, 47 A.L.R. 1025: "It is settled that, where property declared by a federal statute to be forfeited, because used in violation of federal law, is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized. The Caledonian, 4 Wheat. 99 [100] 101, 4 L.Ed. 523; Taylor v. United States, 3 How. 197, 205, 11 L.Ed. 559. See United States v. One Studebaker Seven-Passenger Sedan [9 Cir.], 4 F.2d 534."

The foregoing language was but a reaffirmance of the remarks of Storey, J., in Taylor v. United States, 3 How. 197, at page 205, 11 L.Ed. 559: "At the common law any person may, at his peril, seize for a forfeiture to the government, and, if the government adopts his seizure, and institutes proceedings to enforce the forfeiture, and the property is condemned, he will be completely justified. So that it is wholly immaterial in such a case who makes the seizure, or whether it is irregularly made or not, or whether the cause assigned originally for the seizure be that for which the condemnation takes place, provided the adjudication is for a sufficient cause."

Justice Holmes expressed the same view in Dodge v. United States, 272 U.S. 530, at page 532, 47 S.Ct. 191, 71 L.Ed. 392, when discussing a proceeding to forfeit a motor boat for violation of the National Prohibition Act, the initial seizure of which was by police officers of the City of Providence who were not authorized to seize the liquor and vehicle under the Act. He said: "The owner of the property suffers nothing that he would not have suffered if the seizure had been authorized. However effected it brings the object within the power of the Court, which is an end that the law seeks to attain, and justice to

the owner is as safe in the one case as in the other. The jurisdiction of the Court was secured by the fact that the res was in possession of the prohibition director when the libel was filed. * * * The exclusion of evidence obtained by an unlawful search and seizure stand on a different ground. If the search and seizure are unlawful as invading personal rights secured by the Constitution those rights would be infringed yet further if the evidence were allowed to be used."

■ It is to be observed that none of the three decisions of the Supreme Court which we have just referred to expressly dealt with a seizure unlawful under the Fourth Amendment and in Maul v. United States, 274 U.S. 501, at 512, 47 S.Ct. 735, 71 L.Ed. 1171, the question seems to have been left open whether an unlawful seizure by federal officers of property subject to forfeiture for violation of the revenue laws would sustain jurisdiction of a libel for forfeiture filed by the United States. Our own decision in the court below sub nomine The Underwriter, 2 Cir., 13 F.2d 433, 434, thus stated what we believe to be the proper rule: "The particular method used in bringing the vessel into the district of Connecticut was of no importance, in so far as the jurisdiction is concerned. As it appears that the res was in the possession of the collector when the libel was filed, it is sufficient to support the jurisdiction of the libel."

It is true that in United States v. Specified Quantities of Intoxicating Liquors, 2 Cir., 7 F.2d 835, 837, Judge Hough stated that the United States, as libellant in a libel filed for forfeiture of intoxicating liquor, "stood in the shoes of the seizing prohibition agents; therefore it had no greater rights under the libel than under the search warrant, and, when the latter fell, the right to hold the res also fell." But this language was used in a case where the claimant was found to have been "warranted under the law" in possessing the liquors, so that on the merits the libel could not possibly be maintained.

Our decision in Re Phoenix Cereal Beverage Co., 2 Cir., 58 F.2d 953, seems to contradict our present views as well as those we expressed in The Underwriter, supra. We think it should be overruled in so far as it holds that a search illegal under the Fourth Amendment prevents the court from acquiring jurisdiction upon the

filing of a libel for forfeiture. The view we now hold is in accord with the decision of the First Circuit in Strong v. United States, 46 F.2d 257, 79 A.L.R. 150 (appeal dismissed per stipulation, 284 U.S. 691, 52 S.Ct. 27, 76 L.Ed. 583), and with that of the Sixth Circuit in Bourke v. United States, 44 F.2d 371. In each of those cases there was an unlawful search and seizure followed by a libel by the United States for forfeiture which was sustained. In Wood v. United States, 16 Pet. 342, 10 L.Ed. 987, there was a libel for forfeiture. Justice Story said, 16 Pet. at page 359, 10 L.Ed. 987, in respect to a seizure, claimed to be defective and irregular made under the 68th Section of the Act of 1799, 1 Stat. 677, which applied only to federal officials: "It is of no consequence whatsoever what were the original grounds of the seizure, whether they were well founded or not, if in point of fact the goods are by law subjected to forfeiture; for the United States are not bound down by the acts of the seizors to the causes which influenced them in making the seizure, nor by any irregularity on their part in conducting it, if in point of fact the seizure can now be maintained as founded upon an actual forfeiture thereof at the time of the seizure. * * *"

■ But as Justice Holmes said in Dodge v. United States, 272 U.S. 530, 532, 47 S.Ct. 191, 71 L.Ed. 392, it can make no difference whether the forfeiture occurs at the time of the seizure or is dependent upon subsequent events. See also Voorhies v. United States, 5 Cir., 299 F. 275; United States v. Goodhues, D.C., 53 F.2d 696, 703; cf. Fabri v. United States, 9 Cir., 24 F.2d 185.

In Daeufer-Lieberman Brewing Co. Inc. v. United States, 8 F.2d 1, the Third Circuit held that a seizure in violation of the Fourth Amendment would not sustain a libel for forfeiture. That decision is in conflict with the authorities we have cited other than In re Phoenix Cereal Beverage Co., 2 Cir., 58 F.2d 953, and with all deference we think that it ought not to be followed.

Our views in the present case find support from the decisions holding that a defendant who has been forcibly brought into this country from a foreign country or has been thus brought from one state into another cannot question in the federal courts the jurisdiction of the court in which an indictment has been found against him by

900

the state to which he has been removed. Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934; Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148, 7 Ann.Cas. 1047. In Mahon v. Justice, supra, 127 U.S. at page 708, 8 S.Ct. at page 1208, 32 L.Ed. 283, Justice Field said: "The jurisdiction of the court in which the indictment is found is not impaired by the manner in which the accused is brought before it. There are many adjudications to this purport. * * *"

The opinion of Justice Brandeis in Cook v. United States, 288 U.S. 102, 53 S.Ct. 305, 77 L.Ed. 641, is in no way contrary to the views we have expressed. There the seizure of a vessel on the high seas was forbidden by the terms of a treaty between the United States and Great Britain. It was held that the United States lacked authority to make or ratify the seizure because it had imposed upon itself the limitations set forth in the treaty. Cf. United States v. Rauscher, 119 U.S. 407, 7 S.Ct. 234, 30 L.Ed. 425.

The result of the foregoing considerations is that the violation of the Fourth Amendment by an unlawful search and seizure required the return of the books, records and papers, which we have already ordered surrendered, but not of the merchandise. The merchandise is not of itself any evidence of a violation of our revenue laws. The conviction of Marcel Rochas, Inc., of smuggling this merchandise indicated that the goods were subject to forfeiture and therefore might be proceeded against by libel. To require its surrender and then to subject it to a new libel based on another seizure (see The Brig Ann, 9 Cranch 289, 3 L.Ed. 734) would neither accord with the better authorities, nor give the claimant any real advantage. If we should assume a case in which the contraband merchandise was burglars' tools or narcotics, such a requirement would seem almost ludicrous.

The Fourth Amendment furnishes protection to the bankrupt against the use of the evidence obtained by the unlawful search and seizure but does not enable it to secure immunity against forfeiture of merchandise proved to have been imported contrary to law.

The order of the District Court is accordingly affirmed.