**SANDERS v. UNITED STATES.**

No. 13972.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

Will A. Hickman, Oxford, Miss., for appellant.

W. H. Jolly, Asst. U. S. Atty., and Noel H. Malone, U. S. Atty., Aberdeen, Miss., Chester H. Curtis, Asst. U. S. Atty., Clarksdale, Miss., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order forfeiting to the United States certain property used in violation of the Internal Revenue Laws, Sections 3116, 3321, Title 26 U.S.C. It is alleged that the court erred in overruling a motion to suppress evidence, and in refusing to return the automobile to the claimant because it was illegally seized without a warrant. The basic question presented is whether an officer of the United States, having seen property used in violation of the Internal Revenue Laws, may return to the premises of the alleged owner on a later date and, without a warrant or writ, seize the property for the original violation. The appellant contends that the procedure is a violation of Section 3116, Title 26, of the United States Code, and Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.; and that it is an unreasonable seizure under the Fourth Amendment to the Constitution. The lower court held that it was not, and our conclusion is in accordance with that holding.

The seizure of property, the title to which has been forfeited to the United States, is to be distinguished from the exclusion of evidence secured through an unlawful search and seizure. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392. In the one case the government is entitled to the possession of the property; in the other it is not. There is no constitutional objection to the enforcement by the courts of the forfeiture of an offending article. The Fourth Amendment does not guarantee against seizures in a proceeding such as this, where there is no need of a search and the right to the property has passed to the United States by forfeiture. The Caledonian, 4 Wheat. 100, 4 L.Ed. 523; Wood v. United States, 16 Pet. 342, 10 L.Ed. 987; U. S. v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555; U. S. v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; Voorhies v. U. S., 5 Cir., 299 F. 275; U. S. v. One Studebaker Seven-Passenger Sedan, 9 Cir., 4 F.2d 534; The Underwriter, 2 Cir., 13 F.2d 433; The Ng Ka Py Cases, 9 Cir., 24 F.2d 772; U. S. v. One Lot of Intoxicating Liquor, D.C., 27 F.2d 903; Bourke v. U. S., 6 Cir., 44 F.2d 371; Strong v. U. S., 1 Cir., 46 F.2d 257, 79 A.L.R. 150; Two Certain Ford Coupe Automobiles v. U. S., 5 Cir., 53 F.2d 187; Picou v. U. S., 5 Cir., 65 F.2d 439; U. S. v. Eight Boxes Containing Various Articles of Miscellaneous Merchandise, 2 Cir., 105 F.2d 896; U. S. v. 673 Cases of Distilled Spirits and Wines, D.C., 65 F.Supp. 896; U. S. v. 673 Cases of Distilled Spirits and Wines, D.C., 74 F.Supp. 622.

The judgment appealed from is affirmed.

Affirmed.